
**FILED**
**Mar 04, 2025**
**10:33 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Marsha Salmon,** | ) | **Docket No. 2023-06-7650** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Octapharma Plasma**, | ) | **State File No. 69577-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **Sentry Insurance,** | ) | **Judge Kenneth Switzer** |
| **Carrier.** | ) | |
| | ) | |

---

## COMPENSATION ORDER GRANTING
## MOTION TO DISMISS WITH PREJUDICE

_____

The Court held a hearing on Octapharma Plasma's motion to dismiss on March 3, 2025. Octapharma argues that Marsha Salmon has not complied with court orders, failed to prosecute her claim, and did not oppose its motion in writing. Ms. Salmon counters that she is actively marshaling her medical proof. For the reasons below, the Court dismisses her claim.

### Procedural History

Ms. Salmon, through counsel, filed a petition in October 2023 alleging injuries to her back, a broken foot, and tendon damage suffered on September 3, 2020. Among the requested relief was return visits to the authorized physicians Dr. Robert Lowe and James Yu for the assignment of impairment ratings.[1]

---

[1] The file also contains a dispute resolution statement and accompanying documents totaling over 600 pages. The Court did not read or consider this filing as part of the claim history. A dispute resolution statement "is an internal form issued by a mediator to summarize the terms of any agreement reached by the parties as to one or more preliminary issues in the case[.]" *Thomas v. Duracell-Cleveland,* 2024 TN Wrk. Comp. App. Bd. LEXIS 11, at *8 (Mar. 11, 2024).

In April 2024, Ms. Salmon's attorney filed a motion to withdraw. He asserted that a settlement had been reached but he was unable to communicate with her and had notified her of his intent to withdraw. Not long afterward at a status hearing, the Court set a hearing date for her attorney's motion and ordered Ms. Salmon to appear at that hearing, which she did. At that May hearing, Ms. Salmon and her counsel agreed to confer afterward to discuss the proposed settlement.

At the next hearing in July, counsel renewed his motion to withdraw, which the Court granted. The order instructed Ms. Salmon on procedures for receiving assistance from an attorney advisor with the Bureau of Workers' Compensation and reset the status hearing approximately one month later. Ms. Salmon did not appear at that hearing, so the Court reset it to September. At that hearing, Octapharma informed the Court that Ms. Salmon was assigned a 4% rating for her foot. Ms. Salmon contested that rating, said she injured her back as well in the accident, and she now suffers neuropathy in both feet from the incident. The Court ordered the parties to return to mediation and set another hearing.

At the October scheduling hearing, the parties said that a dispute certification notice would be issued shortly. Octapharma's attorney reminded that authorized physician Dr. Yu gave a 4% impairment rating for her work-related foot injury, and Dr. Lowe gave a 0% rating on the back. Ms. Salmon repeated her disagreement with the ratings, so the Court explained that she would need medical proof to contest the authorized physicians' conclusions. Ms. Salmon said she was seeking opinions from an orthopedist and a foot specialist, so the Court set a January 15, 2025 deadline for her to file a notice with the Court Clerk identifying her medical experts. Octapharma's counsel also said she planned to send written discovery that same day, and the Court told Ms. Salmon that she must respond within 30 days of receipt.

In early January 2025, Octapharma filed this motion to dismiss, asserting that it had not received responses to its written discovery. This was despite counsel notifying Ms. Salmon when her responses were overdue and the previous Court order. Octapharma's grounds were two-fold: failure to comply with an order and to prosecute. Ms. Salmon did not file a response to that motion. Later that same month at a status hearing, Octapharma stated another ground to support its motion to dismiss: Ms. Salmon had not disclosed her experts in compliance with the January 15 deadline under the scheduling order.

At that same hearing, Ms. Salmon said she received the last order but denied that she received any communication from Octapharma's counsel. The Court verified Ms. Salmon's contact information including her email address during the hearing. Octapharma's attorney also sent Ms. Salmon an email during the hearing, which she received.

The Court ordered Octapharma to immediately resend all written discovery, and that Ms. Salmon must respond within 30 days. The Court also ordered Octapharma's counsel to refile its motion to include a hearing date and time as required by Bureau rules, which she did that same day. The order also stated: "Ms. Salmon is cautioned that she must respond to all written discovery. She must have her experts identified and secure their written opinions by the next hearing, providing copies of medical records and reports immediately upon receipt to Octapharma's counsel." The order further advised:

> Ms. Salmon is cautioned that she must file a response, or the motion will be unopposed and likely granted. Ms. Salmon may consult with an ombudsman by calling (800) 332-2667. She is encouraged to complete a certificate of nonrepresentation so she may receive limited legal advice from an attorney advisor.

At the hearing, Octapharma listed three grounds for dismissal. Ms Salmon has failed: 1) to respond to the motion to dismiss; 2) to respond to written discovery, contrary to a court order; and 3) to identify her medical experts, despite a court order.

In response, Ms. Salmon said she has seen Dr. Tod Bushman for her foot and Dr. Steven Abram for her back, both of whom have ordered multiple diagnostic tests, some of which have not been completed yet. She wants to "get everything together and go from there." Ms. Salmon argued she cannot control the pace with which the doctors form their opinions, which she has been diligently pursuing. She remains disabled and cannot work, she said.

Octapharma replied by reminding of the 2020 injury date and that Ms. Salmon has known since she disavowed the proposed settlement that she needs additional proof. Moreover, Ms. Salmon gave no explanation for her failures to respond to discovery or to identify her experts.

**Law and Analysis**

Tennessee Rule of Civil Procedure 41.02(1) (2024) provides that a case may be dismissed "[f]or failure . . . to prosecute or to comply with these rules or any order of court." Rule 41.02(3) further states that dismissal under this rule is "with prejudice, thereby operating as an adjudication of the claim on its merits." *Lightfoot v. Xerox Bus. Sys's,* 2026 TN Wrk. Comp. App. Bd. LEXIS 43, at *19 (Sept. 12, 2016).

The Appeals Board in *Lightfoot* wrote that this type of dismissal is disfavored and a "drastic sanction." *Id.* The Board wrote, "In determining whether a case should be dismissed for failure to prosecute, the trial judge may inspect the entire procedural history of the case before deciding whether to dismiss it for want of prosecution. Each case, of

3

course, must be evaluated within its own procedural context." *Id.* at *19-20. In affirming the trial court's decision to involuntarily dismiss a case, the Board reasoned that the employee repeatedly disregarded the court's instructions "to move the case forward by taking specific actions by a specific date and [the Court] made clear that the case would be dismissed with prejudice if [the employee] failed to heed the court's orders." *Id.* at *18. The Board wrote, "It is fundamental that a trial court has the discretion to control litigation before it through the use of case supervision and docket management." *Id.* at *17.

Applying these principles, Ms. Salmon has violated court orders several times. She did not appear for the August hearing despite a Court order. Later, Ms. Salmon was twice ordered to respond to written discovery within 30 days; she has not done so. Ms. Salmon was ordered first to file a notice identifying her experts on or before January 15, and at the hearing afterward she was ordered to "have her experts identified and secure their written opinions by the next hearing, providing copies of medical records and reports immediately upon receipt to Octapharma's counsel." She has done neither. Further, Ms. Salmon did not file a motion seeking an extension of any deadline before they passed but simply ignored them—at her peril.

In addition, Ms. Salmon has taken inadequate measures to advance her case. Ms. Salmon has disagreed with the authorized doctor's ratings since April 2024 or earlier. It was only at the hearing on this dispositive motion that she verbally identified two physicians, who ultimately may or may not support her position. Ms. Salmon's efforts have been too little, too late. Considering the entire procedural history, Ms. Salmon has failed to prosecute her case.

Finally, Ms. Salmon did not file a response to this motion. Under Tennessee Compilation Rules and Regulations 0800-02-21-.18(1)(d) (2023), "If a dispositive motion is opposed, a written response to the motion must be filed . . . If no opposition is filed, the dispositive motion will be considered unopposed." The previous order explicitly warned Ms. Salmon that "she must file a response, or the motion will be unopposed and likely granted." Octapharma's motion is unopposed, and Ms. Salmon verbally argued no persuasive reason for this Court to grant her further time or grace.

For all these reasons, Octapharma's motion is well-taken and granted. The Court dismisses the case with prejudice to its refiling. Costs of $150.00 are assessed against Octapharma, to be paid to the Court Clerk within five business days. In addition, Octapharma must file form SD-2 within 10 business days. Unless appealed, the order becomes final in 30 days.

IT IS ORDERED.

4

**ENTERED March 4, 2025.**

*Kenneth M. Switzer*
_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on March 4, 2025.

| Name | Regular Mail | Email | Service sent to: |
|---|---|---|---|
| Marsha Salmon, Employee | X | X | 3633 Huntingboro Trail Antioch TN 37013 megsalmon@comcast.net |
| Lee Anne Murray, Employer's Attorney | | X | leeamurray@feeneymurray.com trp@feeneymurray.com keyshona@feeneymurray.com |
| cc: Peter Frech, Employee's former attorney | | X | pfrech@forthepeople.com |

*Penny Shrum*

_____
**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*